UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAYLA JOHNSON,

    Plaintiff,

v.

                                                    Case No. 23-cv-11039

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES, STATE OF
MICHIGAN, GOVERNOR GRETCHEN          Hon. Sean F. Cox
WHITMER, ELIZABETH HERTEL,             United States District Court Judge
DEMETRIUS STARLING, and JOHN
DOES 1–5,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART AND DENYING IT IN PART

The named defendants in this case—the State of Michigan, the Michigan Department of Health and Human Services, Gretchen Whitmer, Elizabeth Hertel, and Demetrius Starling—argue that the Eleventh Amendment immunizes them from suit for plaintiff's gross negligence and 42 U.S.C. § 1983 claims and move to dismiss those claims under Fed. R. Civ. P. 12(b)(1). The plaintiff responds that Michigan and Congress waived the named defendants' Eleventh Amendment immunity from suit for gross negligence and § 1983 claims, respectively. The Court disagrees with the plaintiff and grants in part and denies in part the named defendants' motion to dismiss.

## BACKGROUND

The plaintiff, Shayla Johnson, alleged that the State of Michigan removed her daughter, M.S., from her custody. Johnson claims that M.S. was two years old at the time, and that M.S. was placed with foster parents. M.S. allegedly died of asphyxiation on November 26, 2021, after

1

the child crawled out of a crib that her foster parents had placed her in and a nearby nightstand fell on her.

Johnson filed this action on her own behalf and as M.S.'s personal representative against five named defendants: (1) the State of Michigan; (2) the Michigan Department of Health & Human Services ("MDHHS"); (3) Gretchen Whitmer, in her official capacity as governor of Michigan; (4) Elizabeth Hertel, in her official capacity as director of MDHHS; and (5) Demetrius Starling, in his official capacity as director of the MDHHS Children's Services Administration (together, "Named Defendants").  (ECF No. 1).  Johnson also named five unidentified 'John Doe' defendants (together, "Does 1–5") in her complaint.  Johnson alleged that Does 1–5 were M.S.'s foster parents.

Johnson asserted state-law claims against Does 1–5 for premises liability and negligent supervision (Count I) and gross negligence (Count II).  Johnson also asserted claims for damages against Named Defendants for state-law gross negligence (Count III); against all of the defendants under 42 U.S.C. § 1983 (Count IV);[1] and against Michigan, MDHHS, and Does 1–5 under 42 U.S.C. § 1981 (Count V).

Named Defendants moved to dismiss Johnson's claims against them under Fed. R. Civ. P. 12(b)(1) and (6).[2]  (ECF No. 13).  In her response, Plaintiff agreed that Count V should be dismissed.[3]  (ECF No. 15).  The Court heard oral argument on Named Defendants' motion to dismiss on November 2, 2023.

---

1. Johnson claimed that the defendants violated M.S.'s federal rights to equal protection and to be free from unnecessary harm in state-regulated foster homes.
2. The Court does not address Named Defendants' arguments with respect to Rule 12(b)(6) because they are moot.
3. Johnson also made several cursory statements in her response implying that she seeks leave to amend her complaint.  (*See* ECF No. 14, PageID.93, 94–95).  If Johnson wishes to amend her complaint, she must file a motion to amend and attach her proposed amended complaint.  *See* E.D. Mich. LR 15.1.

Having reviewed the papers and heard the parties, the Court grants Named Defendants' motion to dismiss in part and denies it in part.

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), this Court "constru[es] the complaint in the light most favorable to the plaintiff[], accept[s] their well-pleaded factual allegations as true, and draw[s] all reasonable inferences in their favor." *Russell v. Lundergran-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015). This standard also applies to motions to dismiss under Fed. R. Civ. P. 12(b)(1), "except that . . . [this Court] do[es] not presume the truth of factual allegations pertaining to [its] jurisdiction to hear [a] case, and the plaintiff still bears the burden of demonstrating jurisdiction." *Id.* (citation omitted).

## ANALYSIS

Johnson asserted claims for damages against Named Defendants for gross negligence in Count III of her complaint and violations of § 1983 in Count IV. Named Defendants argue that the Eleventh Amendment immunizes them from suit from these claims, and the Court agrees.

The Eleventh Amendment presumptively withdraws jurisdiction from this Court over suits where a State "is the real, substantial party in interest," such as when a State, a state agency, or a state officer "in his official capacity" is named as a defendant in a suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 101, 111 n.21 (1984) (quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1984), *overruled on other grounds by Lapides v. Bd. of Regents*, 535 U.S. 613 (2002)). Johnson named the State of Michigan, MDHHS, and Governor Whitmer, Director Hertel, and Director Starling in their official capacities as defendants in Counts III and IV of her complaint. Therefore, Michigan is the real party in interest with respect to those claims.

The Eleventh Amendment immunizes defendants from suits where a State is the real

3

party in interest "unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). Johnson argues that Michigan waived its Eleventh Amendment immunity with respect to gross negligence claims when it enacted the Government Tort Liability Act ("GTLA"), Pub. Act No. 170, 1964 Mich. Laws 221. Johnson further argues that Congress abrogated Michigan's Eleventh Amendment immunity with respect to § 1983 claims when it enacted § 1983. Both of these arguments lack merit.

**I.      Gross Negligence Claims Under Count III**

Johnson argues that Michigan waived its Eleventh Amendment immunity for gross negligence claims under section 7(2)(c) of the GTLA, which describes the conditions under which Michigan governmental officers are immune from tort liability:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
>> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>>
>> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>>
>> (c) The officer's, employee's, member's, or volunteer's conduct *does not amount to gross negligence* that is the proximate cause of the injury or damage.

Mich. Comp. Laws Ann. § 691.1407(2) (West 2015) (emphasis added). In Johnson's view, the GTLA waived Michigan's Eleventh Amendment immunity from gross negligence suits for damages because section 7(2)(c) of the Act excludes grossly negligent governmental officers

4

from the sweep of state-law governmental immunity.

To avoid Johnson's waiver argument, Named Defendants asserted that claims sounding in state law, such as gross negligence claims, are barred by the Eleventh Amendment as recognized in *Pennhurst*, 465 U.S. at 89. However, *Pennhurst* concerned the applicability of the *Ex parte Young* rule, which holds that a State is not the real party in interest in "a suit challenging the constitutionality of a state official's action" where a plaintiff seeks injunctive relief. *See id.* at 102; *see also Ex parte Young*, 209 U.S. 123 (1908). *Pennhurst* did not alter the rule that "a State may consent to suit against it in federal court" where a State *is* the real party in interest. *Pennhurst*, 465 U.S. at 99; *see also Ernst v. Rising*, 427 F.3d 351, 367–68 (6th Cir. 2005). Named Defendants do not dispute that Michigan is the real party in interest with respect to Johnson's gross negligence claims, and therefore their conclusion that *Pennhurst* forecloses those claims is unavailing.

Yet Johnson still bears the burden of showing jurisdiction, and therefore she must show that Michigan waived its Eleventh Amendment immunity from gross negligence suits under section 7(2)(c) of the GTLA. A State's waiver of Eleventh Amendment immunity "must be unequivocally expressed," and this Court "give[s] effect to a [s]tate's waiver of Eleventh Amendment immunity only where stated by the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction.'" *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012) (second alteration in original) (first quoting *United States v. King*, 395 U.S. 1, 4 (1969), and then quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306–07 (1990)).

Johnson cites no authority for her claim that the GTLA waives Michigan's Eleventh Amendment immunity from gross negligence suits other than the text of the statute. On its face, section 7(2)(c) of the GTLA refers to grossly negligent state officers, not grossly negligent States

5

or state agencies. The Court is not persuaded that section 7(2)(c) of the GTLA waived Michigan's Eleventh Amendment immunity with respect to suits against Michigan or its agencies such as MDHHS.

However, section 7(2)(c) of the GTLA *does* exempt grossly negligent *state officers* from state-law governmental immunity on its face. Where a state statute waives a State's Eleventh Amendment immunity with respect to suits against a State in the State's own courts, it "must [also] specify the State's intention to subject itself to suit in *federal court*" to effectively waive the State's Eleventh Amendment immunity. *Rose v. Stephens*, 291 F.3d 917, 925 (6th Cir. 2002) (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Johnson has failed to identify language in the GTLA expressly consenting to suits against grossly negligent state officers in federal courts.[4]

Johnson has failed to show that this Court has jurisdiction over her gross negligence claims against Named Defendants.

**II.     Section 1983 Claims Under Count IV**

Johnson's claim that Congress abrogated Michigan's Eleventh Amendment immunity when it enacted § 1983 is meritless. As the Sixth Circuit recognized in *Brent v. Wayne County Department of Human Services*, "[§] 1983 does not abrogate Eleventh Amendment immunity." 901 F.3d 656, 683 (6th Cir. 2018) (alteration in original) (quoting *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017)). The Eleventh Amendment immunizes Named Defendants from Johnson's § 1983 claims as a matter of law.

---

4.  This conclusion accords with decisions from this Court, *see, e.g.*, *Wolf v. Oakland Univ.*, No. 15-cv-13560, 2016 WL 7048812, at *7 (E.D. Mich. Dec. 5, 2016), and the U.S. District Court for the Western District of Michigan, *see, e.g.*, *Herndon v. Mich. Dep't of Corr.*, No. 1:20-cv-1091, 2021 WL 1559156, at *7 (W.D. Mich. Apr. 21, 2021); *Upshaw v. SSJ Grp.*, No. 1:19-cv-341, 2021 WL 1136828, at *2 (W.D. Mich. Mar. 25, 2021).

### III. Dismissal With or Without Prejudice

Named Defendants argue that the Court should dismiss Johnson's claims against them under Counts III and IV with prejudice. But "dismissals for lack of jurisdiction should generally be made without prejudice." *Ernst*, 427 F.3d at 367. The Court is not persuaded that these claims should be dismissed with prejudice.

### CONCLUSION & ORDER

Plaintiffs bear the burden of demonstrating subject-matter jurisdiction under Rule 12(b)(1). Johnson fails to show that this Court has jurisdiction over the claims against Named Defendants that she raised in Counts III and IV of her complaint. However, the Court is not convinced that these claims should be dismissed with prejudice. And Johnson voluntarily abandoned Count V of her complaint. The Court does not address Johnson's claims against Does 1–5. Accordingly, only Johnson's claims against Does 1–5 remain in this action.

IT IS SO ORDERED that Named Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Named Defendants' Rule 12(b)(1) motion to dismiss the claims Johnson raised against them in Counts III and IV of her complaint is GRANTED, except to the extent that it seeks dismissal those claims with prejudice. Count V of Johnson's complaint is DISMISSED without prejudice. Named Defendant's motion to dismiss Count V is DENIED as moot.

IT IS SO ORDERED.

                                                    s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: December 18, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on

December 18, 2023, by electronic and/or ordinary mail.

                                                                   s/Jennifer McCoy
                                                                   Case Manager